**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

In re:  
KATHLEEN DESOUSA  
      Debtor

_____

MICHAEL DESOUSA  
      Plaintiff  
-against -

KATHLEEN DESOUSA  
      Defendant

_____

CHAPTER 7  
Case No. 15-10635-1

Adversary No. _____

COMPLAINT
SEEKING  DETERMINATION OF DISCHARGEABILITY OF DEBT PURSUANT TO 11 USC §523(a)(2), (a)(4) , (a)(6), & (a)(15) AND (B) OBJECTING TO DISCHARGABILITY OF DEBT PURSUANT TO 11 U.S.C. §523 (a)(2), (a)(4) , (a)(6), & (a)(15)

Plaintiff Michael Desousa, it successors and assigns, by and through its counsel, The Mann Law Firm, P.C., files this Adversary Complaint pursuant to 11 U.S.C. §§ 523(a)(2) , (a)(4), (a)(6) and (a)(15) against Defendant Kathleen DeSousa, and avers as follows:

### I. PARTIES

1. Michael Desousa is an adult individual, a citizen of New York, residing at 114 Old Mill Road, Cobleskill, New York, 12043.

2. Kathleen Desousa is an adult individual, a citizen of New York, residing at 1220 Vinewood Avenue, Schenectady, New York, 12306.

### II. JURISDICTION AND VENUE

3. This matter constitutes an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(6) and is grounded upon the provisions of 11 U.S.C. §§ 105(a) and 523(a) including but not limited to subparagraphs(2, (4),  (6) and (15)

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) and venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

5. This is a core proceeding in the Debtor's bankruptcy case pursuant to 28 U.S.C. §157(b)(2)(I).

### III. BACKGROUND

6. Plaintiff and Debtor were husband and wife. The Matrimonial action was filed in December of 2011 and concluded with a Judgment of Divorce signed on March 12, 2014

7. Ancillary to the matrimonial action, appropriate reservations of right having been preserved, an action was commenced to recover money from the Debtor was commenced for the recovery of $330,000.00 from funds looted from Michael Desousa's bank accounts and retirement accounts as well as the lost appreciation of such accounts and resultant tax implications which are now suffered by Michael DeSousa.

8. On July 1, 2014 the Honorable Richard E. Sise AJSC, Schenectady County, signed an Order and Judgment against Kathleen T. Desousa and B. Eunice Esposito awarding $330,000 in damages to Michael Desousa based upon the misconduct

9. During the Pendency of the matrimonial action, the Supreme Court Judge detailed the Debtor's misconduct in a decision dated December 17, 2013

10. On March 30, 2015 Kathleen Desousa filed for relief under Chapter 7 of the United States Bankruptcy Code in United States Bankruptcy Court of e Northern District of New York (Albany Division).

11. Michael DeSousa did not receive notice of Debtor's bankruptcy filing until at or about the time of Debtor's Discharge

12. Debtor listed Michael Desousa as a creditor with a 2013 Judgment of Divorce debt. The scheduled address was listed as 1146 Paul Avenue Schenectady, NY 12306

13. This address is again reflected in the Certification of Mailing Matrix dated March 30, 2015 filed by Rachel Rappazzo, Esq. attorney for Debtor.

14. The December 17, 2013 there was a Decision and Order in New York Supreme Court, Schenectady County which amongst other things decreed that "…… the court hereby awards the wife exclusive use and occupancy of the residence … " (Decision and Order Dated 12/17/13 P6).

15. This decree occurred over a year before Kathleen Desousa listed Michael Desousa as a creditor.

16. The residence listed as Michael Desousa's address had previously been awarded to Kathleen Desousa. It was known to Kathleen Desousa that Michael Desousa was no longer residing at 1146 Paul Avenue Schenectady, New York 12306 in March of 2015.

17. Upon information and belief, his address was known to Debtor through as a result of the matrimonial proceedings.

18. The Motion resulting in the $330,000 judgment and detailing Debtors misconduct and the basis for such judgment is annexed hereto and made a part hereof together with all of its exhibits as EXHIBIT 1

19. The July 1, 2014 Judgment and Order of the Hon. Richard Sise awarding Michael DeSousa the sum of is annexed hereto and made ap art hereof as EXHIBIT 2.

20. The Decision and Order of the Hon Christine Clark dated December 17, 2013 detailing Debtor's wrongdoing and also directing Debtor to pay Michael DeSousa the sum of $60/month from February 1, 2014 until discharge of Michael DeSousa's Bankruptcy (Case 12-10030)(Page 7 ) is annexed hereto and made a part hereof as EXHIBIT 3

21. Each and every averment set forth herein is made in connection with each and every other averment set forth herein regardless of the under which the allegation is made.

22. All headings and captions are included for the convenience of the Court.

## COUNT I

(Exception of Debt from Discharge To Spouse or Former Spouse In Accordance with Court Order)

23. Michael Desousa incorporates by reference the averments set forth in Paragraphs 1 through 72 of this Complaint as if set forth at length herein.

24. 11 U.S.C. § 523(a)(15) provides, *inter alia*, that a discharge of a debtor under the Bankruptcy Code does not discharge an individual debtor from any debt to a spouse or former spouse in the course of a divorce in accordance with an order of a court of record.

25. The December 13, 2013 decision of the Hon Christine Clark as set forth in Exhibit 3 is a decision and order with in divorce proceeding made by a court of record .

26. The aforementioned Decision and Order awards the Michael DeSousa the sum of $60/month from February 1, 2014 through the Discharge of Michael DeSousa's bankruptcy.

27. At the time the Decision and Order was made Debtor and Michael DeSousa were spouses; they are now former spouses.

28. The Supreme Court of the State of New York is Court of Record.

29. Katherine DeSousa has not made the Court Ordered Payments.

30. Michael DeSousa has been injured by Debtor's failure to pay in the amount of at least $1380 and such damages continues to accrue with each month

31. Kathleen T. DeSousa willfully and with the intent to injure Michael Desousa filed for Chapter 7 Bankruptcy without notice to Creditor Michael Desousa.

WHEREFORE, Michael Desousa demands that a non-dischargeable judgment pursuant to 11 U.S.C. 523 (a)(15) be entered against Kathleen T. DeSousa for the sums awarded in the December 17, 2013 Order, together with attorneys' fees, interest, costs of suit and for such other and further relief as this Court may deem just, proper and equitable under the circumstances

## COUNT II

(Exception of Debt from Discharge To Spouse or Former Spouse In Accordance with Court Order)

32. Michael Desousa incorporates by reference the averments set forth in Paragraphs 1 through 72 of this Complaint as if set forth at length herein.

33. 11 U.S.C. § 523(a)(15) provides, *inter alia*, that a discharge of a debtor under the Bankruptcy Code does not discharge an individual debtor from any debt to a spouse or former spouse in accordance with an order of a court of record.

34. The July 1, 2014 Order and Judgment of the Hon Richard  as set forth in Exhibit 3 is a judgment and order in a proceeding between  spouses or former a court of record .

35. The action was ancillary to a divorce proceeding with proper reservation of right and tacit approval of the Court.

36. But for the judgment itself, the entirety of proceedings in the action giving rise to the Judgment and Order were before the same judge who was very familiar with the facts of both cases.

37. The aforementioned Order and Judgment awards the Michael DeSousa the sum of $330,000.00

38. At the time the commencement of the action, was made Debtor and Michael DeSousa were spouses; they are now former spouses.

39. The Supreme Court of the State of New York is Court of Record.

40. Michael Desousa did, in fact, sustain injury, including the loss of the $330,000 and legal fees and costs which continue to accrue.

41. Michael Desousa did, in fact, sustain injury, including the loss of the $330,000 and legal fees and costs which continue to accrue.

WHEREFORE, Michael Desousa demands that a non-dischargeable judgment pursuant to 11 U.S.C. 523 (a)(15) be entered against Kathleen T. DeSousa for the sums awarded in the July 1, 2014 Order together with attorneys' fees, interest, costs of suit and for such other and further relief as this Court may deem just, proper and equitable under the circumstances

## COUNT III
(Exception of Debt from Discharge For Money Obtained By False Pretenses, False Representations or Actual Fraud)

42. Michael Desousa incorporates by reference the allegations set forth in Paragraphs 1 through 72 of this Complaint as if set forth herein.

43. 523(a)(2)(A) provides, inter alia, that a discharge of a debtor under the Bankruptcy Code does not discharge an individual debtor from any debt obtained by (A) false pretenses, false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

44. As detailed in Exhibit 1, Debtor engaged in actual fraud for the purpose of obtaining money from Michael DeSousa's accounts.

45. Such fraud included but was not limited to use of a forged power of attorney document to make withdrawals and altered documents to withdraw funds from Michael DeSousa's accounts

46. Debtor continued her fraud and deceit in scheduling Michael DeSousa at an address at which she knew Michael Desousa did not reside.

47. Kathleen T. DeSousa obtained by false pretense, false representation and/or fraud the sum of $330,000.00

48. As a result of the conduct of Kathleen T. DeSousa, Michael Desousa did, in fact, sustain injury, including the loss of the $330,000.00 and legal fees and costs which continue to accrue.

WHEREFORE, Michael Desousa demands that a non-dischargeable judgment pursuant to 11 U.S.C. 523 (a)(2) (a) be entered against Kathleen T. DeSousa for the sums awarded in the July 1, 2014 Order together with attorneys' fees, interest, costs of suit and for such other and further relief as this Court may deem just, proper and equitable under the circumstances.

## COUNT IV
(Exception of Debt from Discharge by use of a materially false statement on which people relied and used with the intent to deceive)

49. Michael Desousa incorporates by reference the allegations set forth in Paragraphs 1 through 72 of this Complaint as if set forth herein.

50. 523(a)(2)(B) provides, inter alia, that a discharge of a debtor under the Bankruptcy Code does not discharge an individual debtor from any debt obtained by use of a materially false statement which was relied on by fiduciaries of Michael DeSousa's funds with the intent to deceive.

51. As detailed in Exhibit 1, Debtor engaged in by use of a materially false statement which was relied on by fiduciaries of Michael DeSousa's funds with the intent to deceive.
52. for the purpose of obtaining money from Michael DeSousa's accounts.

53. Such conduct included but was not limited to use of a forged power of attorney document to make withdrawals and altered documents to withdraw funds from Michael DeSousa's accounts.

54. Debtor continued her fraud and deceit in scheduling Michael DeSousa at an address at which she knew Michael Desousa did not reside.

55. Kathleen T. DeSousa obtained by use of a writing that is materially false  sum of $330,000.00 a obtained by use of the materially false statements

56. As a result of the conduct of Kathleen T. DeSousa, Michael Desousa did, in fact, sustain injury, including the loss of the $330,000.00 and legal fees and costs which continue to accrue.

WHEREFORE, Michael Desousa demands that a non-dischargeable judgment pursuant to 11 U.S.C. 523 (a)(2) (b) be entered against Kathleen T. DeSousa for the sums awarded in the July 1, 2014 Order  together with attorneys' fees, interest, costs of suit and for such other and further relief as this Court may deem just, proper and equitable under the circumstances

## COUNT V

(Exception of Debt from Discharge for willful and malicious injury to another or property of another)

57. Michael Desousa incorporates by reference the allegations set forth in Paragraphs 1 through 72 of this Complaint as if set forth herein.

58. 523(a)(6) provides, inter alia, that a discharge of a debtor under the Bankruptcy Code does not discharge an individual debtor from any debt resulting from willful and malicious injury to another or another's property

59. At all relevant times Debtor and Michael DeSousa were married.

60. Debtor's misconduct is more fully set forth in Exhibits 1 and 3.

61. Upon information and belief, Debtor acted willfully and maliciously with the intent to injure Michael DeSousa financially dissipate his assets

62. Debtor's action  included but was not limited to use of a forged power of attorney document to make withdrawals and altered documents to withdraw funds from Michael DeSousa's accounts.

63. Debtor continued her fraud and deceit in scheduling Michael DeSousa at an address at which she knew Michael Desousa did not reside.

64. As a result of the conduct of Kathleen T. DeSousa, Michael Desousa did, in fact, sustain injury, including the loss of the $330,000.00 and legal fees and costs which continue to accrue.

WHEREFORE, Michael Desousa demands that a non-dischargeable judgment pursuant to 11 U.S.C. 523 (a)(6) be entered against Kathleen T. DeSousa for the sums awarded in the July 1, 2014 Order   together with attorneys' fees, interest, costs of suit and for such other and further relief as this Court may deem just, proper and equitable under the circumstances

## COUNT VI

**(**Exception of Debt from Discharge for fraud and defalcation acting in a fiduciary capacity)

65. Michael Desousa incorporates by reference the allegations set forth in Paragraphs 1 through 72 of this Complaint as if set forth herein.

66. 523(a)(4) provides, inter alia, that a discharge of a debtor under the Bankruptcy Code does not discharge an individual debtor from any debt resulting from fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

67. At all relevant times Debtor and Michael DeSousa were married.

68. A wife has a fiduciary duty to a husband

69. Debtor's misconduct is more fully set forth in Exhibits 1 and 3.

70. Debtor's action  included but was not limited to use of a forged power of attorney document to make withdrawals and altered documents to withdraw funds from Michael DeSousa's accounts

71. Debtor continued her fraud and deceit in scheduling Michael DeSousa at an address at which she knew Michael Desousa did not reside.

72. As a result of the conduct of Kathleen T. DeSousa, Michael Desousa did, in fact, sustain injury, including the loss of the $330,000.00 and legal fees and costs which continue to accrue.

WHEREFORE, Michael Desousa demands that a non-dischargeable judgment pursuant to 11 U.S.C. 523 (a)(4) be entered against Kathleen T. DeSousa for the sums awarded in the July 1, 2014 Order  together with attorneys' fees, interest, costs of suit and for such other and further relief as this Court may deem just, proper and equitable under the circumstances

Dated: January 28, 2016                               */s/ Matthew J. Mann*
                                                      Matthew J. Mann, Esq. (Bar Roll 507018)
                                                      Mann Law Firm P.C.
                                                      *Attorneys for Adversary Plaintiff*
                                                      426 Troy-Schenectady Rd
                                                      Latham, NY 12110
                                                      (518) 785-3300

## VERIFICATION

STATE OF NEW YORK           )
                            ) ss:
COUNTY OF ALBANY            )

MICHAEL G. DESOUSA, being duly sworn, says that he is the Adversary Plaintiff in the above named proceeding and that the foregoing Complaint is true to his own knowledge, except for those matters therein stated to be alleged on information and belief and as to those matters he believes it to be true.

                                        */s/ Michael G. DeSousa*
                                         MICHAEL G. DESOUSA

Sworn to before me this 28th
day of January, 2016

*/s/ Matthew J. Mann*
Notary Public State of New York
Qualified in Albany Co. 02MA5023616
My commission expires 2/7/18