**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In Re:<br>KATHLEEN DESOUSA<br>　　　　Debtor | Chapter 7<br>Case No.: 15-10635-1 |

---

| | |
|---|---|
| MICHAEL DESOUSA<br>　　　　Plaintiff<br>-against-<br><br>KATHLEEN DESOUSA<br>　　　　Defendant | Adversary No.: 16-90007-1<br><br>ANSWER |

---

Defendant, Kathleen DeSousa (now known as Kathleen Lupi) through her counsel, Rappazzo & Bauscher, PLLC, Rachel A. Rappazzo, Esq., hereby answers the January 28, 2016 (served March 29, 2016) Complaint seeking Determination of Discharge of Debt Pursuant to 11 USC § 523(a)(2), (a)(4), (a)(6), & (a)(15) as follows:

1. Defendant admits paragraphs numbered "2", "6", "10", "12", "13", "14", "15", "20", "24", "25", "26", "27", "28", "33", "43", "58", and "66" in Plaintiff's January 28, 2016 complaint.

2. Defendant denies paragraphs numbered "4", "5", "9", "11", "16", "21", "23", "29", "30", "31", "32", "35", "42", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "61", "62", "63", "64", "65", "68", "69", "70", "71", and "72" of Plaintiff January 28, 2016 complaint.

1

3. Defendant denies statement in parenthesis under Count I, Count II, Count III, Count IV, Count V, and Count VI of Plaintiff's January 28, 2016 complaint.

4. Defendant denies each and every paragraph beginning with WHEREFORE in Plaintiff's January 28, 2016 complaint.

5. Defendant denies information sufficient to form a belief as to paragraphs numbered "1", "3", "7", "8", "17", "18", "19", "22", "34", "36", "37", "38", "39", "40", "41", "59", "60", and "67".

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

6. Plaintiff submits to this Court an Order, signed after a motion for default is made, on July 1, 2014 and entered in the County Clerk's Office, Schenectady County, and State of New York on July 17, 2014, for $330,641.00. (Hereinafter "Money Judgment"). Plaintiff has made a claim in the instant action claiming that the money Judgment he received, by default, should not be discharged in the bankruptcy under the above stated USC code. The money judgment from the State Court is defective for the following reasons:

    a. In State Court, Plaintiff served the Defendant with an amended summons with notice on January 12, 2013 (a verified complaint was not served). See affidavit of process server attached to Plaintiff's Exhibit 1 which states that the Defendant was served with a summons with notice only.

    b. Thereafter, based on the allegations of a verified complaint, the Defendant attempted to answer in State Court (late) and that answer was rejected by the Plaintiff's attorney. Id.

2

c. The only affidavit of service that is attached to pleadings as Exhibit 1, which establishes the entire claim that the Plaintiff is making regarding the money judgement in the instant action, is service of a summons with notice – not a verified complaint.

d. In the State Court, Plaintiff obtained the money judgment by default; however, there is no affidavit of service showing that the Defendant was ever served with the notice of and motion for default. If the Defendant was not served with the motion for a default, the money judgment of $330,641.00 is called into question because that order states "Plaintiff having moved this Court for a default judgment and no opposition thereto having been received". If Defendant was not served with the motion for default, she has not yet had a fair and full opportunity to respond.

e. Additionally, there is no affidavit of service upon the Defendant for the service of the money judgment for $330,641.00 entered in the Supreme Court Schenectady County, State of New York on July 17, 2014, which is the subject of the instant action, thus the Defendant's time to make a motion to vacate the default pursuant to New York State Civil Practice Law and Rules has yet to being. Defendant has yet to be afforded the opportunity to have full and fair response time in State Court as she was never served with the money judgment as outlined in Plaintiff's exhibit 1.

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

7. The State Court action which grants the Plaintiff a $330,641.00 money judgment was based on an action from Supreme Court as and against the Defendant and four other Defendants; to wit, Vanguard Group Inc., Town of Rotterdam, B Eunice Esposito, and Sunmark Federal Credit Union. The issues that the default judgment is based on were also being litigated in the parties' matrimonial action. The Decision and Order of the Supreme Court, Schenectady County, State of New York bearing Index No.: MAT2011-0552 resulted in a decision and order after trial (trial dates of October 1, 2012, October 21, 2012, October 22, 2012, November 19, 2012, January 10, 2013, March 5, 2013, and March 18, 2013) (hereinafter "divorce judgment"). Said divorce judgment was entered in the Clerk's Office, Schenectady County, State of New York on January 7, 2014. (See Plaintiff's Exhibit 1). The money Judgment that is the subject of the instant action is the result of an action filed in Schenectady County Supreme Court, State of New York on December 28, 2012 – while the Matrimonial Action was pending and being tried. Id. Both the Matrimonial Action and the Supreme Court action outlined herein dealt with identical issues; specifically, a Vanguard retirement account. The Plaintiff is collaterally estopped from proceeding in two courts on the same issues. Plaintiff had a full and fair hearing in the Matrimonial Action on the issues in the Supreme Court Action and the decision and order outlined herein distributed all assets in the Matrimonial Action, including the Vanguard account. The Plaintiff states in his pleadings that the Vanguard issues were specifically carved out by the Matrimonial Court, but there is no evidence of

that submitted. (See Paragraph 65 of Plaintiff's complaint stating that there is a reservation of rights in the Matrimonial action to proceed on issues in an alternate action). What there is evidence of is that the Plaintiff litigated this issue during his matrimonial trial and there is a decision and order, after trial, on this exact issue. Plaintiff is attempting to take a second bite at the apple, this issue has already been litigated in State Court and Plaintiff is collateral estopped from re-litigating the same issues in bankruptcy court. See Cantrell . Dewitt 329 F.3d 1119 (9th Cir. 2002). A determination of if the Plaintiff is precluded from presenting the same issues in Bankruptcy Court as were present in State Court are controlled by State Law. Sasson v. Sokoloff 424 F.3d 864 (9th Cir. 2005).

New York State Law on the issue of collateral estoppel (issue preclusion) is as follows:

> Collateral estoppel bars re-litigation of an issue when "(1) the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from re-litigating the issue had a full and fair opportunity to contest the prior issue." *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455, 492 N.Y.S.2d 584, 482 N.E.2d 63 (1985). *See also, Evans v. Ottimo,* 469 F.3d 278, 281 (2d Cir.2006); *Gramatan Home Invs. Corp. v. Lopez,* 46 N.Y.2d 481, 485, 414 N.Y.S.2d 308, 386 N.E.2d 1328 (1979). The proponent of collateral estoppel must demonstrate the identity of the issues whereas the party seeking "to defeat its application has the burden of establishing the "absence of a full and fair opportunity to contest the prior determination." *Buechel v. Bain,* 97 N.Y.2d 295, 304, 740 N.Y.S.2d 252, 766 N.E.2d 914 (2001); *Kaufman, supra,* 65 N.Y.2d at 456, 492 N.Y.S.2d 584, 482 N.E.2d 63. See, *Jeffreys v. Griffin,* 1 N.Y.3d 34, 39, 769 N.Y.S.2d 184, 801 N.E.2d 404 (2003); *Morrow v. Gallagher,* 113 A.D.3d 827, 828–829, 979 N.Y.S.2d 395 (2d Dept.2014); *Nappy v. Nappy,* 100 A.D.3d 843, 845, 955 N.Y.S.2d 102 (2d Dept.2012); *Windowizards, Inc. v. S & S Improvements, Inc.,* 2006 N.Y. Slip Op. 50310(U) at *2, 11 Misc.3d 130(A), 2006 WL 543050 (App.Term 2nd & 11th Jud.Dists.2006)

As to the first prong, preclusive effect will only be given where the particular issue was "actually litigated, squarely addressed and specifically decided". *Crystal Clear Development, LLC v. Devon Architects of New York, P.C.*, 97 A.D.3d 716, 949 N.Y.S.2d 398 (2d Dept.2012). To satisfy the "actually litigated" prong of this test, it "must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding." *Evans v. Ottimo, supra,* 469 F.3d at 282 *citing D'Arata v. N.Y. Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 667, 563 N.Y.S.2d 24, 564 N.E.2d 634 (1990); *Mtr. of Abady*, 22 A.D.3d 71, 81, 800 N.Y.S.2d 651 (1st Dept.2005). For an identity of issues to exist, the issues presented must involve substantially identical legal theories and causes of action, and have no significant factual differences. *Kaufman, supra,* 65 N.Y.2d at 455, 492 N.Y.S.2d 584, 482 N.E.2d 63. *See also* Restatement (Second) of Judgments § 27 comment (1982) (court should consider whether there is substantial overlap between the evidence or argument, whether the new evidence or argument involves application of the same rule of law, whether pretrial preparation and discovery relating to the matter presented in the first action could be reasonably expected to have embraced the matter sought to be presented in the second, and how closely related the claims involved in the two proceedings are).

As to the second prong, a determination as to whether a full and fair opportunity was provided requires consideration of the "realities of the prior litigation" including the importance of the claim in the prior litigation, the forum and extent of the litigation, the incentive and initiative to litigate, the competence and expertise of counsel and the foreseeability of future litigation. *Psychology YM, supra,* at 5–6 citing to *Ryan, supra,* at 501, 478 N.Y.S.2d 823, 467 N.E.2d 487. *Gilberg v. Barbieri*, 53 N.Y.2d 285, 292, 441 N.Y.S.2d 49, 423 N.E.2d 807 (1981). *See, SZ Medical, P.C., Life Chiropractic, P.C. v. Erie Ins. Co.,* 2009 N.Y. Slip Op. 51222(U), 24 Misc.3d 126(A), 2009 WL 1676882 (App.Term, 2d, 11th & 13th Jud.Dists., 2009). An issue is not actually litigated if "there has been a default, a confession of liability, a failure to provide discovery, a failure to place a matter in issue by proper pleading or even because of a stipulation". *Kaufman, supra,* at 456, 457, 492 N.Y.S.2d 584, 482 N.E.2d 63; *Mtr. of Abady, supra,* at 83, 800 N.Y.S.2d 651 (1st Dept.2005), and therefore a dismissal on these grounds will not usually be on the merits so as to bar a subsequent identical action. *Choicenet Chiropractic, P.C. v. Clarendon Ins. Co.,* 2009 N.Y. Slip Op. 51472(U), 24 Misc.3d 1216(A), 2009 WL 2005597 (Civ.Ct. Richmond Co.2009).

8. Attached to Plaintiff's adversary complaint as a part of Exhibit 1 is the December 17, 2013 Decision and Order of the State Court in the parties divorce action. Said divorce judgment specifically refers to the Plaintiff's (Husband's) claim that the Defendant (Wife) withdrew $104,560.92 from the Plaintiff's 401K account. The Court found that the Wife made the withdraw and wastefully dissipated marital assets and awarded the Plaintiff additional assets in consideration of the Defendant's wasteful dissipation. The issues litigated in the Schenectady County are identical to the issue before this Court and the Plaintiff should be barred under the doctrines of collateral estoppel (issue preclusion).

AS AND FOR THE DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

9. Plaintiff received a Default Judgment from Supreme Court; State of New York in the amount of $330,641.00 that he is now stating should not be discharged based on the USC outlined above. The complaint in the action from Supreme Court (and the instant complaint in the adversary action) states that the Defendant fraudulently obtained $104,560.92, yet the Default Judgment states the amount of $330,641.00. When reviewing the verified complaint in the Supreme Court Action, which was not served on the Defendant and is the basis of the allegations in the default money judgment, the complaint states that the $104,560.92 withdraws *could* now be valued at over $330,000.00. Plaintiff has never had to prove this number and cannot speculate as to what the present day value would be. Again, the Defendant has yet to be afforded a full and fair

7

opportunity to defendant the money judgment as the motion for default does not appear to have ever been served on her.

### AS AND FOR THE DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

10. Plaintiff makes an allegation that the money judgment he received from State Court in the amount of $330,641.00 is a marital obligation; yet he also claims that the actions of the Defendant was specifically carved out of the matrimonial action between the parties.  Therefore, if the matter was specifically carved out of the matrimonial action it would follow that it is not an obligation arising from the divorce judgment and not an obligation as a result of any domestic obligation.

### AS AND FOR THE DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

11. This action is largely based on the alleged acts of the Defendant, in that the Plaintiff claims that during the parties' marriage, the Plaintiff claimed that the Defendant withdrew money from a Vanguard account without his knowledge and by using fraudulent tactics.  This issue is specifically addressed in the decision and order of the Supreme Court (divorce judgment).  The divorce judgment makes a finding that the Defendant wastefully dissipated marital assets and granted the Plaintiff other assets (as well as not awarding the Defendant maintenance or child support) because the Defendant wastefully dissipated marital assets.  This issue has been litigated and the Plaintiff has already received his remedy because as a result of Defendant wastefully dissipating marital assets, the Plaintiff was awarded property and money – thus he cannot "double dip" now by asking for additional funds when his remedy has already been awarded by a State Court.

### AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

12. Defendant served the Plaintiff in her bankruptcy proceeding at an address the Plaintiff listed in his own bankruptcy proceeding. The address used is the one the Plaintiff put out to his own creditors in his own bankruptcy, and despite the rule that requires the Plaintiff to immediately change his address in his bankruptcy proceeding, he did not do so. The Plaintiff claims that the Defendant should have noticed him at another address because she was granted exclusive use of the address the Defendant was noticed at, but the Defendant was not living at the address either. Both parties vacated the address and Defendant continued to hold the address out to his creditors as his mailing address.

### AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

13. Defendant has not been served with the motion for default, attached to Plaintiff's adversary action as exhibit 1, and has not been served with the money judgment. Defendant should now be allowed to challenge the underlying action as she has not yet had an opportunity to be heard. The failure to serve the Defendant with the notice of and motion for default establishes a reasonable excuse for the delay. Additionally, the Defendant's claim that a withdraw of $104,560.92 would have a present day value of over $330,000; and the fact that this exact issue has been litigated by another court is a meritorious defense. Thus, defendant should be allowed open the default and challenge the underlying action.

### AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

14. Plaintiff claims that the Defendant should not be allowed to discharge the marital debt of $60.00 per month payments, payable while the Plaintiff's own chapter 13

is pending. However, pursuant to 523(a)(15)(A), because the Defendant earns less than $5,000.00 per year she does not have disposable income to make the payment and she should be allowed discharge the debt as she does not have the "ability to pay".

### AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

15. Defendant did not commit a fraud and the Plaintiff's claim has failed. The Plaintiff submits a default judgment to prove the case at hand, but proving the fraud is something the Plaintiff has yet to do. To prove the fraud, the Plaintiff must show five elements. One, the Plaintiff must prove the debtor (Defendant) made false representations. See In re Sabban 384 BR 1 (9th Cir. 2008). Two the Plaintiff must show the debtor knew she was making false representations. Id. Three, the Plaintiff must show that the debtor made the false representation with the purpose of deceiving the Plaintiff (creditor). Id. Fourth, the Plaintiff must show that the creditor justifiably relied on such representations, and lastly, the Plaintiff must show the actual amount loss as the proximate result of the false representations. Id. The alleged fraud of the Defendant has never been proven and Defendant has always maintained that she did not do what the Plaintiff claims, specifically, withdraw funds from the Plaintiff's Vanguard account. Defendant has always maintained that the Plaintiff signed the papers and they decided as a married couple to use the funds prior to retirement. Additionally, the Plaintiff's signature was notarized and the Plaintiff has never proved his allegations that the notary was involved in the fraud. The Plaintiff has the burden

to prove the fraud and a default judgment, without the Defendant having the right to be heard, does not prove the alleged fraud.

WHEREFORE, Plaintiff's complaint should be denied in its entirety.

Dated: April 20, 2016
Schenectady, New York

> RAPPAZZO & BAUSCHER, PLLC
>
> By: Rachel A. Rappazzo, Esq.
> Attorneys for the Defendant
> 2025 Broadway
> Schenectady, NY 12306
> 518-374-2580
> Bar Roll # 602154
> Rappazzolaw@aol.com